IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JIMMY W. COX                                                                                   PLAINTIFF

v.                                              CIVIL ACTION NO. 1:18-cv-00075-GHD-DAS

JESCO, INC.                                                                          DEFENDANT

**OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is the Defendant Jesco, Inc.'s motion for summary judgment [Doc. No. 46]. The Plaintiff has not responded to the motion. Upon due consideration, the Court finds that the motion should be granted and the Plaintiff's claims dismissed.

### *I.     Factual and Procedural Background*

The Plaintiff was employed as a laborer in Fulton, Mississippi, at non-party Mueller Copper Tube Company, which manufactures industrial copper pipes. The Plaintiff was injured in a work-related accident inside the Mueller facility on September 14, 2017, when a pipe that was moving down Mueller's production line ejected out of a machine and impaled the Plaintiff's left leg.

The Plaintiff filed his Complaint on April 24, 2018, asserting, *inter alia*, that the Defendant, which in the Fall of 2016 had worked on one of Mueller's production machines, but not the machine that ejected the pipe into Plaintiff's leg, was negligent and caused Plaintiff's injury. *See* Compl. [Doc. 1]. The parties conducted discovery, and the Defendant has now filed the pending motion for summary judgment. The Plaintiff has not responded to the motion.

### *II.     Summary Judgment Standard*

Although " '[a] motion for summary judgment cannot be granted simply because there is no opposition,' . . . a court may grant an unopposed summary judgment motion if the undisputed

facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015). This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*

The Defendant argues that summary judgment in its favor is warranted because it never performed work on the machine that ejected the pipe into Plaintiff's leg and caused his injury, and that there is no evidence that the Plaintiff's injury was proximately caused by any alleged act of negligence on the part of the Defendant. As described below, the Court agrees.

Under Mississippi law, to establish negligence, a plaintiff must show that:

(1) the Defendant owed a duty to the Plaintiff;

(2) the Defendant breached that duty;

(3) the Plaintiff incurred damages; and

(4) the Defendant's breach of duty proximately caused the Plaintiff's damages.

*Huynh v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012); *Crain v. Cleveland Lodge*, 641 So. 2d 1186, 1189 (Miss. 1994); see also *Funches v. Progressive Tractor and Implement Co., L.L.C.*, 905 F.3d 846, 851 (5th Cir. 2018). In addition, it is axiomatic that a plaintiff must show that the conduct of the defendant was the cause in fact and the legal cause of the plaintiff's damages. *Huynh*, 95 So. 3d at 1263.

In the case *sub judice*, it is undisputed that the machine that the Defendant repaired in the Fall of 2016 was not the machine that ejected the pipe into the Plaintiff's leg [Doc. 46-3 at p. 95]. Further, it is undisputed that the Plaintiff took it upon himself to enter the production line at an unauthorized location in an attempt to take a shortcut between two machines so he could communicate with another employee [Doc. 46-3 at p. 91]. The Plaintiff admitted in his deposition testimony that the decision to walk through a gap in the production line was his alone, that he "wasn't paying attention to where [he] was going," that he could have taken an authorized route less than ten feet away to speak with the other employee, and that no one, least of all the Defendant,

3

authorized or caused him to enter the production line at an unauthorized location [Doc. 46-3 at pp. 86-93].

Accordingly, the Court finds that the Plaintiff has admitted, and it is undisputed, that the Defendant did nothing to create a dangerous condition in the Mueller facility, nor did the Defendant in any way proximately cause the Plaintiff's injury. The Plaintiff admits he took an unauthorized shortcut through an active production line in order to speak with another employee and further admitted that he was not paying attention to his surroundings or where he was walking. The Plaintiff, therefore, cannot establish any claim for negligence on the part of the Defendant, no genuine issue of material fact remains, and the Defendant is entitled to judgment as a matter of law.

### *IV. Conclusion*

In sum, for all of the foregoing reasons, the Court finds that no genuine dispute of material fact remains, and summary judgment in favor of the Defendant is appropriate. The Defendant's Motion for Summary Judgment [Doc. No. 46] shall, therefore, be granted, and the Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day.

THIS, the 21st day of October, 2019.

                                                                                                SENIOR U.S. DISTRICT JUDGE